*330 Cupp, J.,
dissenting.
{¶ 35} Although I concur in Chief Justice Brown’s dissent, I write separately only to add an additional point that I believe is important to a fuller understanding of why I dissent from the majority decision.
{¶ 36} I believe that the underlying concern of the majority is the potential for significant abuse of the discovery process should lawsuits enabled by creative pleading techniques, like those utilized here by Kincaid, go forward. Although not revealed in Kincaid’s complaint, an essential fact that was conceded by Kincaid’s counsel at oral argument is that Kincaid has never made a claim to defendant Erie Insurance Company (“Erie”) for the expenses Kincaid seeks to recover in this lawsuit. In fact, even in his complaint, Kincaid does not state a specific dollar amount for expenses he allegedly incurred. Thus, even if Erie wanted to reimburse Kincaid for his expenses, it has no information from which to determine how much Kincaid may be entitled to receive.
{¶ 37} Nevertheless, this situation does not justify a deviation from our longstanding interpretation of the notice-pleading requirements. Erie is not without recourse to protect itself against discovery initiated by Kincaid if his discovery request is overbroad or unduly burdensome. Erie may request a protective order to protect it from “annoyance, embarrassment, oppression, or undue burden or expense.” Civ.R. 26(C). The trial court may fashion a protective order in any number of ways, including ordering that “the discovery not be had” or that “certain matters not be inquired into or that the scope of the discovery be limited to certain matters.” Civ.R. 26(C). In this case, requests for admissions under Civ.R. 36 might be sufficient to establish the necessary facts for the trial court to rule on a motion for summary judgment or partial summary judgment.
{¶ 38} Therefore, I must respectfully dissent.
*331 Vorys, Sater, Seymour & Pease, L.L.P., Thomas E. Szykowny, and Michael Thomas, urging reversal for amicus curiae Ohio Insurance Institute.
Davis & Young, L.P.A., and Richard M. Garner, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.